```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION


LYDIA V. DOYON and
STEVEN DOYON,

      Plaintiffs,                          No.

 v                                         Hon.

NEW ENGLAND COMPOUNDING
PHARMACY, INC.

      Defendant.
_____/
JULES B. OLSMAN (P28958)
Attorney for Plaintiffs
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300
jbolsman@olsmanlaw.com
_____/
```

## COMPLAINT

NOW COME the plaintiffs, LYDIA V. DOYON and STEVEN DOYON, by and through their attorneys, OLSMAN, MUELLER, WALLACE & MACKENZIE, P.C., by JULES B. OLSMAN, and do hereby complain against the defendant, NEW ENGLAND COMPOUNDING PHARMACY, INC., in a civil action, stating unto this Court as follows:

## COUNT I

1.   That the plaintiffs Lydia V. Doyon and Steven Doyon are husband and wife.  They are citizens of the City of Oxford, County of Oakland, State of Michigan.

2.   That the defendant New England Compounding Pharmacy, Inc. is a domestic profit corporation.  It maintains its principal place of business in Framingham, Massachusetts.

3.     That the jurisdiction of this Court is based upon diversity of citizenship of the parties and the amount in controversy which exceeds Seventy-Five Thousand ($75,000.00) Dollars.

4.     That on or about August 28, 2012, plaintiff Lydia V. Doyon was a patient at Michigan Pain Specialists in Brighton, Michigan.  On that date, she received a steroid injection into her spinal cord for the purpose of alleviating back pain.

5.     That following the injection, she began suffering symptoms including headache, localized weakness, photophobia and confusion.

6.     That plaintiff was confined as an in-patient at St. Joseph Mercy Hospital in Pontiac in order to monitor the symptomatology she displayed following the injection of steroids on August 28, 2012.

7.     That upon information and belief, defendant New England Compounding Pharmacy, Inc. sold or provided contaminated steroid injection material to numerous health care facilities throughout the United States including the facility where plaintiff Lydia V. Doyon was treated in Brighton, Michigan.

**COUNT II**
**Negligence as to Defendant**
**New England Compounding Pharmacy, Inc.**

8.     Plaintiff repeats and realleges Paragraphs 1 through 7 of Count I above, inclusive, as if set forth more specifically paragraph by paragraph.

9. That it was then and there the duty of the defendant New England Compounding Pharmacy, Inc. to use due care and caution with regard to the manufacture, inspection and sale of steroid injection materials to clinics and medical facilities.

10. That notwithstanding its duties as hereinbefore narrated, defendant was guilty of one or more of the following negligent acts and/or omissions:

- (a) Negligently and recklessly providing health care providers, including Michigan Pain Specialists where plaintiff Lydia A. Doyon sought treatment at on August 28, 2012, with contaminated steroid injection material causing plaintiff to suffer and/or be at risk for the development of fungal meningitis;

- (b) Negligently and recklessly failing to assure that quality control practices and procedures were in place to prevent the manufacture and sale of contaminated steroid injection material;

- (c) Negligently and recklessly failing to take such steps as were necessary to warn health care providers not to utilize steroid injection material provided by this defendant to them because the material was contaminated with fungal meningitis;

- (d) Negligently and recklessly failing to properly monitor and inspect steroid injection material to assure that it was safe for use in health care settings.

11. That as a direct and proximate result of the negligence of the defendant as described above, plaintiff Lydia V. Doyon was caused to suffer from exposure to a steroid injection contaminated with fungal meningitis on August 28, 2012. That the plaintiff developed symptomatology consistent with fungal meningitis requiring hospitalization, spinal tap procedures and

infusion of high dose antibiotics.

12. That as a further consequence of the negligence of the defendant as described above, plaintiff Lydia V. Doyon has been caused to suffer from extreme physical pain and suffering, mental and emotional distress and has been further caused to expend and/or have expended on her behalf large sums of money for medical and hospital care and treatment and will be required to do so in the future.  That plaintiff Steve Doyon as the spouse of Lydia V. Doyon has sustained damages under the law of the State of Michigan for loss of consortium arising out of the injuries sustained by his wife Lydia V. Doyon as a result of her exposure to contaminated steroid injection materials manufactured, sold and marketed by defendant.

WHEREFORE, plaintiffs pray for damages in whatever amount above Seventy-Five Thousand ($75,000.00) Dollars to which they are found to be entitled to at the time of trial, together with interest, costs and attorneys; wherefore, they bring this suit.

### COUNT III
### Breach of Express Warranty by Defendant
### New England Compounding Pharmacy, Inc.

13. Plaintiff repeats and realleges Paragraphs 1 through 7 of Count I above, inclusive, as if set forth more specifically paragraph by paragraph.

14. That the defendant did advertise, label, promote and market its steroid injection materials to health care professionals and to the plaintiff in a manner so as to induce

-4-

utilization and purchase.  An express warranty was thereby made that the steroid injection materials were safe and fit for ordinary use and would conform to the representations made by the defendant.  Defendant further expressly warranted that the steroid injection materials were safe and effective for use.

15.   That the statements, representations and warranties made by defendant were false.

16.   That the steroid injection materials sold by defendant to health care facilities throughout the United States, including Michigan Pain Specialists where plaintiff Lydia V. Doyon received a steroid injection on August 28, 2012, were dangerous, defective and not safe for use due to the fact that they had been contaminated.

17.   That neither plaintiff Lydia V. Doyon or her physicians, upon information and belief, knew or had reason to know that defendant had breached its warranty prior to use of the drugs for their intended purposes including injection into plaintiff Lydia V. Doyon on August 28, 2012.

18.   That as a direct and proximate result of the defendant's breach of its express warranty as described above, plaintiff Lydia V. Doyon was caused to suffer from exposure to a steroid injection contaminated with fungal meningitis on August 28, 2012.  Plaintiff has developed symptomatology consistent with fungal meningitis requiring hospitalization, spinal tap procedures and the infusion of high-dose antibiotics.

19.  That as a further consequence of the breach of its express warranty as described above, plaintiff Lydia V. Doyon has been caused to suffer from extreme physical pain and suffering as well as mental and emotional distress.  Plaintiff has been further caused to expend and/or have expended on her behalf large sums of money for medical and hospital treatment and will be required to do so in the future.  That plaintiff Steve Doyon as the spouse of Lydia V. Doyon has sustained damages under the law of the State of Michigan for loss of consortium arising out of the injuries sustained by his wife Lydia V. Doyon as a result of her exposure to contaminated steroid injection materials manufactured, sold and marketed by defendant.

WHEREFORE, plaintiffs pray for damages in whatever amount above Seventy-Five Thousand ($75,000.00) Dollars to which they are found to be entitled to at the time of trial, together with interest, costs and attorneys; wherefore, they bring this suit.

### COUNT IV
### Breach of Implied Warranty of Fitness by Defendant New England Compounding Pharmacy, Inc.

20.  Plaintiff repeats and realleges Paragraphs 1 through 7 of Count I above, inclusive, as if set forth more specifically paragraph by paragraph.

21.  That the defendant did impliedly warrant that its steroid injection materials were safe and fit for ordinary use by the public including plaintiff Lydia V. Doyon.

22. That the defendant breached the implied warranty of fitness and failed to warn plaintiff and/or her physicians of the dangers involved in the use of steroid injection materials which had been contaminated by fungal meningitis.

23. That the defendant permitted the steroid injection materials to be used by physicians in clinics throughout the United States including Michigan Pain Specialists where plaintiff received her injection on August 28, 2012.

24. That as a direct and proximate result of the defendant's acts and/or omissions including the failure to exercise ordinary care in the design, sale, manufacture, storage and compounding of steroid injection materials, defendant did breach its warranty of implied fitness.  Plaintiff Lydia V. Doyon was injected with the contaminated steroids and has suffered severe injuries as a result thereof.

25. That as a direct and proximate result of the defendant's breach of its implied warranty of fitness as described above, plaintiff Lydia V. Doyon was caused to suffer from exposure to a steroid injection contaminated with fungal meningitis on August 28, 2012.  Plaintiff has developed symptomatology consistent with fungal meningitis requiring hospitalization, spinal tap procedures and the infusion of high-dose antibiotics.

26. That as a further consequence of the breach of its implied warranty of fitness as described above, plaintiff Lydia V. Doyon has been caused to suffer from extreme physical

pain and suffering as well as mental and emotional distress. Plaintiff has been further caused to expend and/or have expended on her behalf large sums of money for medical and hospital treatment and will be required to do so in the future.  That plaintiff Steve Doyon as the spouse of Lydia V. Doyon has sustained damages under the law of the State of Michigan for loss of consortium arising out of the injuries sustained by his wife Lydia V. Doyon as a result of her exposure to contaminated steroid injection materials manufactured, sold and marketed by defendant.

WHEREFORE, plaintiffs pray for damages in whatever amount above Seventy-Five Thousand ($75,000.00) Dollars to which they are found to be entitled to at the time of trial, together with interest, costs and attorneys; wherefore, they bring this suit.

OLSMAN, MUELLER, WALLACE & MACKENZIE, P.C.

By /s/ Jules B. Olsman
  Jules B. Olsman (P28958)
  Attorney for Plaintiffs
  2684 West Eleven Mile Road
  Berkley, MI 48072
  (248) 591-2300

Dated:  October 22, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYDIA V. DOYON and
STEVEN DOYON,

    Plaintiffs,　　　　　　　　　　　　　　　　No.

v　　　　　　　　　　　　　　　　　　　　　　　Hon.

NEW ENGLAND COMPOUNDING
PHARMACY, INC.,

    Defendant.
_____/

JULES B. OLSMAN (P28958)
Attorney for Plaintiffs
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300
jbolsman@olsmanlaw.com
_____/

**JURY DEMAND**

    NOW COME the plaintiffs, LYDIA V. DOYON and STEVEN DOYON, by and through their attorneys, OLSMAN, MUELLER, WALLACE & MACKENZIE, P.C., by JULES B. OLSMAN, and do hereby demand a trial by jury of the above-entitled cause.

                          OLSMAN, MUELLER, WALLACE &
                          MACKENZIE, P.C.

                          By /s/ Jules B. Olsman
                             Jules B. Olsman (P28958)
                             Attorney for Plaintiffs
                             2684 West Eleven Mile Road
                             Berkley, MI 48072
                             (248) 591-2300

Dated:  October 22, 2012